SHIVER v. ARTHUR.

1. DEED—MORTGAGE.—The ponderance of the testimony is against the claim of plaintiff that the absolute deed was intended as a mortgage. Facts and circumstances bearing on question pro and con. stated. *Hall* v. *Hall*, 41 S. C., 163, *explained*.

2. IBID.—IBID.—PRACTICE—PLEADINGS.—BURDEN OF PROOF in actions to declare an absolute deed a mortgage defined, and pleading and proof required in such cases stated.

Before GARY, J., Sumter, April, 1898.    Reversed.

Action by Martha E. Shiver *vs.* Wm. L. Arthur, Caroline W. Arthur, and Lander Porter.    The Circuit decree is as follows:

On the 14th day of January, 1885, the plaintiff, Martha E. Shiver, executed and delivered to the defendant, W. L. Arthur, a deed of conveyance absolute and regular on its face, conveying to the said Arthur a tract of land containing 200 acres, more or less, situated in Sumter County.    It appears that, prior to the execution of said deed, the plaintiff had various business transactions with the mercantile firm of W. L. Arthur & Brother, at Camden, of which firm the said W. L. Arthur was a member.    It also appears that said firm had made advances to the plaintiff with which to conduct farming operations on the premises in the deed above mentioned.    To secure the amount of such advances, the plaintiff, during the years 1883 and 1884, had executed mortgages over the said premises.    The mortgage executed in 1883 was to secure the payment of the sum of $800, and the one executed in 1884 was to secure the payment of $1,345.82.    I do not understand that at the time of the execution of the deed that it was contended that both mortgages were due and outstanding.    I take it that the mortgage executed in 1883 was merged or extinguished by the latter mortgage of 1884.    The defendant, Arthur, testified that the note and mortgage marked exhibit A (executed in 1883), in this action were given by Martha E. Shiver to se-

cure advances to be made to her in her agricultural business for that year, the note and mortgage marked exhibit B (executed in 1884) in this action were given by Martha E. Shiver *to secure the amount due by her at that date,* she being allowed until the fall of 1884 to pay up the amount due by her if she should be able to do so. "Not having paid anything on said mortgage debt, Martha E. Shiver executed the deed marked exhibit C in this action, by which she conveyed the lands to me in satisfaction of the amount then due by her as expressed in said deed." It should be observed in this connection that the consideration expressed in the deed is $1,547.67. The mortgage, marked exhibit B, is given to secure the payment of a sealed note bearing date the second of February, 1884, for the sum of $1,345.80, and payable on first November, after date, with interest at the rate of ten per cent. At the time the deed was executed mortgage debt was overdue only two months and twelve days. Allowing interest on the amount of the debt at the rate of ten per cent. per annum, there would be due at the time the deed was executed only $1,368.25. The consideration expressed in the deed could not be the correct amount due on the mortgage debt. The deed recites that the consideration is $1,547.67. The plaintiff contends that although the deed purports on its face to be absolute, yet at the time that it was executed it was understood and agreed, whenever she paid the debt, the place was to come back to her. As she expressed it, "the place should come back to me when the money was paid. The money was that I owed Arthur & Brother on the mortgage." The defendant contends for just the opposite. He testified: "This deed was intended by both her and myself to be an absolute, unconditional conveyance of the said land; it was never stipulated nor intended that it should be held as a mortgage or by way of security for the indebtedness." Upon the solution of this question of fact the result of this case depends. The cause was heard by me upon the pleadings, the evidence reported by the master (a part of which was taken by him and a part under agreement, and by commission),

and upon the argument of counsel in the cause. In 3d Pom. Juris., sec. 1966, quoted with approval in the recent case of *Petty* v. *Petty,* 52 S. C., 54, it is said: "Any conveyance of land, absolute on its face, without anything in its terms to indicate that it is otherwise than an absolute conveyance, and without any accompanying written defeasance, contract of repurchase or other written agreement, may in equity, by means of extrinsic and parol evidence, be shown to be in reality a mortgage as between the original parties," etc. The principle upon which this doctrine is founded is that it would be a virtual fraud for the grantee to insist upon the deed as an absolute conveyance, when it was understood at the time to be intended as a security and in reality as a mortgage. In the case of *Hall* v. *Hall,* 41 S. C., 163, the Supreme Court held, that the burden of proof of showing that a new and independent transaction subsequent to the execution of the mortgage rests upon the grantee in such cases. Mr. Justice McGowan, who wrote the opinion of the Court in that case, said: "Exceptions 1, 3 and 4 make but a single point, viz: upon whom rests the burden of proof that the purchase of the equity of redemption by the mortgagee from the mortgagor was a fair transaction for a sufficient consideration? Now this case was one between the mortgagor and mortgagee. In such case the mortgagee has a position of influence and power in respect to the mortgagor, especially after condition broken. Under our law, even after the debt is due, the mortgage of land is still but a security for the debt, and the mortgagee has duties to perform, somewhat in the nature of a quasi trustee. He cannot take possession of the land without foreclosure or an open public sale, and any such agreement inserted in the mortgage itself will be held void, as being contrary to the very nature of the mortgage." The same case was again before the Supreme Court, 45 S. C., 41, and Mr. Justice Pope, in commenting on the former case, said: "A full history of the issues involved in this action is set forth in the opinion of Mr. Justice McGowan, in *Hall* v. *Hall,* 41 S. C., 163. By that judgment the case was re-

manded to the Circuit Court for a new trial, at which the defendant was required to make it plain that the conveyance made to him in the year 1880 by the plaintiff, Louisa Hall, for the 484 acres of land, was clearly and voluntarily made upon a separate and independent contract of sale, disconnected from the mortgage contract, and also that the plaintiff knew the character and effect of the papers she signed, and that she signed voluntarily and intelligently." Considering the fact that the deed does not recite the true amount that was claimed to be due on the mortgage executed in 1884, and the further fact that the grantor did not surrender possession at the time that the deed was executed, and from a careful consideration of the evidence in the cause, coupled with the earnest effort on the part of the plaintiff, after the long lapse of time, to have the deed declared a mortgage, I am of the opinion that the plaintiff's contention should prevail, and that the deed, though absolute on its face, was simply intended as a security for the amount due the defendant, and is, therefore, in effect but a mortgage. I believe the plaintiff is sincere in her version of the transaction, and that at the time she executed the deed she only intended and believed that she was parting with her farm upon the condition that when she could raise the money, the defendant would reconvey the same to her. It is, therefore, ordered and adjudged, that the said instrument is a mortgage, and given to secure the amount due by the plaintiff to the defendant; it is further ordered, that the cause be recommitted to the master for Sumter County, to take an accounting and report to this Court the amount due the defendant by the plaintiff. In making up said account, either party to the cause is hereby permitted to offer any further evidence that may be competent tending to show the amount due by the plaintiff on the said indebtedness; and said master is further directed in making said account to ascertain the value of the rents and profits of the said premises since the defendants have been in possession of the same, and what taxes and other expenses or improvements, if any, the defendant has

expended or put upon the same during said time.    Upon the coming in of said report, the Court will then adjust the final equities between the parties.

From this decree the defendants appeal on the following exceptions:

I.  That his Honor erred in not sustaining the plea of the statute of limitations made in the amendment to the answers of the defendants, William L. Arthur and Caroline W. Arthur.

II.  That his Honor erred in not holding that there was a variance between the allegations in the complaint and the proof offered by the plaintiff, and should have held that while the complaint stated a case for having an absolute deed declared to be a mortgage, the evidence of the plaintiff, if it proved anything, only went to show an agreement to reconvey the land.

III.  That his Honor erred in holding that the evidence offered by plaintiff was sufficient to defeat the terms of the deed and convert the same into a mortgage.

IV.  That his Honor erred in not holding that the plaintiff was barred by laches in failing for so long a time to assert her claim, if any she had.

V.  That his Honor erred in holding that the burden of proof in this case was on the defendants, but should have held that the burden of proof was on the plaintiff, to sustain the allegations of her complaint that her deed absolute was intended as a mortgage.

VI.  That his Honor erred in not holding that if the burden of proof were on the defendants they had successfully borne such burden.

VII.  That his Honor erred in holding that the plaintiff did not surrender the possession of the land to W. L. Arthur.

VIII.  That his Honor erred in holding that the consideration expressed in the deed of Martha E. Shiver to W. L. Arthur was not the amount due by her to him at the date of such deed.

IX. That his Honor erred in that he did not find in favor of the defendants upon the preponderance of the evidence, and that he erred in not dismissing the complaint herein.

X. That his Honor erred in not sustaining the plea of the statute of limitations as to defendants' accountability for rents received more than six years prior to the commencement of the action.

XI. That his Honor erred in not directing the basis of the accounting ordered by him to be upon interest at ten per cent. per annum in favor of the defendants, upon the debt due by the plaintiff.

*Messrs. J. T. Hay* and *Lee & Moise,* for appellants, cite: *Defendant having refused to recovery on payment of debt, right of action is barred in ten years thereafter*: Code, 118; 7 Rich. Eq., 34; 4 Rich. Eq., 60; 3 Rich. Eq., 438; 31 S. C., 276. *Proof not sufficient to show the deed was intended as mortgage:* 52 S. C., 54; 31 S. C., 276; 50 S. C., 169; 45 S. C., 614; 27 S. C., 1; 17 S. C., 458, 329. *Burden of proof on plaintiff:* 26 S. C., 64; 41 S. C., 163.

*Messrs. Fraser & Cooper,* contra, cite: *Transaction originated in a mortgage, and there was no new consideration:* 41 S. C., 166; 45 S. C., 41; 28 S. C., 371; 12 How., 139; 102 U. S., 318. *By agreement, it was security* 48 S. C., 28; Code, 101. *Debt does not bear ten per cent. interest after maturity:* 2 S. C., 254.

Feb. 8, 1899. The opinion of the Court was delivered by

Mr. Justice Gary. The facts out of which this controversy arose are stated in the decree of the Circuit Judge. which, together with the exceptions, will be set out in the report of the case.

We will first consider the findings of fact upon which the Circuit Judge rested his conclusions, as if the burden of proof were upon the defendants. The plaintiff bases her cause of action on the alleged fact that the deed absolute on

its face was, by agreement of the parties, intended as a mort-·gage, and not upon the fact that the transaction was a conditional sale. We state this fact because some of the circumstances relied upon by the plaintiff might have a tendency to show that there was a conditional sale, but which are inconsistent with the theory that the deed was intended as a mortgage.

The first circumstances relied upon by the Circuit Judge to show that the deed was intended as a mortgage, is that the deed does not recite the true amount that was claimed to be due on the mortgage in 1884. If the deed were intended as a security for the indebtedness existing at time of its execution, it seems that it would have been natural to have inserted in the deed, as consideration therefor, the exact amount of such indebtedness, and that the inference to be drawn from the fact that the amounts are not the same, rather tends to show that the deed was based on other considerations than simply the security of the indebtedness. Another circumstance relied upon by the Circuit Judge is that the grantor did not surrender possession of the land at the time the deed was executed. The 4th paragraph of the complaint, however, alleges: "That for the year 1886 the plaintiff lived on the said tract of land, and used and enjoyed one-half of the rent, and the said William L. Arthur the other, worth about $100, and on or about the 1st day of January, 1887, the plaintiff surrendered the use and occupation of the said tract of land, except the dwelling house, to the said William L. Arthur, who, without her consent, by himself or his agents, took possession of the said dwelling house, and ever since that time has had the entire use and occupation of the said tract of land, appropriating to himself, or such uses as he saw fit, the rents and profits of the same, and has, ever since the deed of conveyance was made, paid the taxes on the said land and used the same as his own property." If the deed were intended simply as a mortgage, the plaintiff was entitled to the possession of the land and the rents and profits thereof. Her conduct was wholly inconsis-

tent with that of a mortgagor. She does not allege that the land was put in the possession of the grantee in order that the rents and profits might extinguish her indebtedness. The presiding Judge also speaks of the earnest effort on the part of the plaintiff, after the long lapse of time, to have the deed declared a mortgage; but the defendants as earnestly contend that it was an absolute deed and not a mortgage.

We will now state some of the circumstances showing that the deed was not a mortgage. 1. The plaintiff's testimony is very meagre, and she nowhere pretends to give the exact terms of the agreement under which the land was to be restored to her. Her answer to the following question is substantially all her testimony on this point, to wit: "What was the agreement between you and Mr. Arthur at the time you executed the deed in evidence from yourself to Mr. Arthur? A. That the place should come back to me when the money was paid." 2. Her long delay, when she knew as far back as 1885, that the grantee denied that she had any right to redeem. 3. The fact that Arthur had a mortgage on the land when the deed was executed, tends to show that it was not his intention to take another mortgage. 4. The acts of ownership over the land exercised by Arthur even to the extent of selling it in 1888. 5. The consideration stated in the deed was not inadequate, certainly not to any great extent. 6. The failure to demand an accounting of the rents and profits after Arthur took possession. These circumstances, as well as others, which, if it were deemed necessary, could be mentioned, satisfy the Court that the preponderance of the testimony is against the claim of the plaintiff.

In order to settle the practice as to the burden of proof in such cases, the Court takes occasion to state it as follows: 1. An instrument of writing is what upon its face it purports to be. 2. The complaint must contain the necessary allegations that the deed, though absolute on its face, was intended as a mortgage. 3. These allegations must be sustained by testimony *prima facie* showing that they are true. When this is done, it removes the presumption arising

2  from the fact that a paper is presumed to be what its face imports. 4. When this is done, it is incumbent on the mortgagee to remove the inference that may be drawn from such *prima facie* showing.  This is sometimes spoken of as the burden of proof, but it is simply making it incumbent on the mortgagee to disprove the case as then made.  In the case of *Hall* v. *Hall,* 41 S. C., 163, it was incumbent on the mortgagee to explain the transaction, because the facts and circumstances made a *prima facie* showing in favor of the mortgagor; and that case, as thus construed, in no way conflicts with the principles herein announced.  The views herein expressed are in harmony with the case of *Petty* v. *Petty,* 52 S. C., 54. These conclusions render unnecessary a consideration of the other exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the complaint dismissed.