6657

### FRANCIS v. FRANCIS.

1. Mortgage.—A Deed and an agreement to reconvey of even date, upon the payment of the consideration and any debt due grantor by account on a day certain, make a mortgage, should be recorded, and so recorded is notice to subsequent purchasers of the equities of grantor and his heirs, and mortgagee in possession may retain it until it is shown the debt and consideration have been paid.

2. IBID.—THE PLEADINGS here showing a case for partition only, it was
proper to dismiss the complaint on proof of title in mortgagee in
possession, in absence of allegations that the papers put in evidence
constitute a mortgage; that it had been paid; that condition of
contract to reconvey had not been performed, and that respondents
were in possession with notice of appellant's equities.

MR. JUSTICE WOODS *dissents.*

Before HYDRICK, J.   Clarendon, October, 1906.   Af-
firmed.

Action by Aaron Francis *et al.* against John Francis *et al.*
From order dismissing complaint, plaintiff appeals.

*Messrs. Wilson* and *DuRant,* for appellant, cite: *Dec-
larations of the owner of land in possession against his
interest are admissible against him and his grantees:* 18 S. C.
489; 2 McC., 457; 20 S. C., 514; 7 Rich. L., 514; 57 S. C.,
467; 1 Ency. of Ev., 510, 525, 532.

*Messrs. Lee & Moise,* for Witte, Lynah and Sparkman,
trustees, defendants, contra, cite: *Respondents are pur-
chasers for value without notice of equity of appellants:* 2
Pom. Eq., sec. 754; 31 S. C., 147. *This action is one for
recovery of possession of land against respondent:* 34 S. C.,
270; 29 S. C., 50. *Action should be brought to declare deed
a mortgage:* 55 S. C., 52; 54 S. C., 184; 52 S. C., 54; 61 S.
C., 575; 66 S. C., 85; 21 S. C., 392; 1 Jones on Mtg., 278,
283, 339. *Holder of legal title has constructive possession
and puts grantor out of possession:* 3 Pom. Eq., 1196; 40
Col., 177; 15 Nev., 101. *Bond is only a conditional sale en-
forcible in equity:* 31 S. C., 276; 55 S. C., 52; 61 S. C., 575.
*A defeasance is not binding against third parties having no
notice of it:* 1 Jones on Mtg., 253. *Record of bond is not
notice:* 9 Rich. Eq., 483; 39 S. C., 77. *The proviso of the
act of* 1791 *applies:* 62 S. C., 304. *Remedy of mortgagor
is by bill to redeem:* 2 Jones on Mtg., 1093 *et seq.;* 3 Pom.
Eq., 1190.

September 17, 1907.   The opinion of the Court was de-
livered by

MR. JUSTICE JONES.  ·The plaintiffs, as part of the heirs-
at-law of Anthony Francis, deceased, brought this action
against the other heirs-at-law and C. O. Witte, Arthur
Lynah and Edward H. Sparkman, for the partition of a cer-
tain tract of land, which they allege said Anthony Francis
owned at the time of his death, a portion of which is in the
possession of the said C. O. Witte, Arthur Lynah and Ed-
ward H. Sparkman, in which they claim some interest as
trustees.

The defendants, C. O. Witte, Arthur Lynah and Edward
H. Sparkman, as trustees, answered, denying the allegations
of the complaint except that they were in possession, alleged
ownership of the premises described in fee simple, pleaded
the statute of limitations, and further answering, set up the
defense of purchasers from C. E. Salinas *et al.* for value
without notice of any existing equities in favor of the late
Anthony Francis or his heirs-at-law in or to said premises,
and that their grantors, C. E. Salinas *et al.,* were likewise
purchasers for value without notice of the said existing equi-
ties.

The pleadings having raised the issue of title, trial was
begun before a jury.   It appears that the tract of land in
question was conveyed to Anthony Francis by deed dated
December 5th, 1872, and it was conveyed by Francis to
Louis Loyns by deed absolute in form, dated December 30th,
1873, that the said Francis was in possession until his death
in 1876 and his heirs-at-law until 1883 or 1884, when Louis
Loyns went into possession. The land in question was mort-
gaged by Louis Loyns to A. J. Salinas & Sons January 29,
1891, was sold under foreclosure proceedings to C. Edward
Salinas March 7th, 1892, and was conveyed by deed of trust
dated January 15th, 1905, to C. O. Witte, Arthur Lynah and
Edward H. Sparkman, trustees.

Plaintiff offered in evidence bond for title by Loyns to Francis bearing same date as conveyance to Loyns and sought to show that these papers were intended as a mortgage, and also offered testimony to show admission by Loyns of payment before he took possession and during the life-time of Francis. This testimony was received subject to objection and was afterwards ruled out as incompetent under the pleadings, and this ruling is the basis of the second, third and fourth exceptions.

At the close of plaintiff's testimony defendant's attorney moved for a direction of verdict "on the ground that the heirs of Anthony Francis having shown title out of their ancestor and traced title into the defendants Witte, Sparkman and Lynah, that they occupied the position of mortgagees in possession and cannot be disturbed, unless it could be shown that the mortgage was paid before the original mortgagee went into possession of the land." The Court having held that the declaration of Louis Loyns, said to have been made in 1875, as to payment of the debt due Loyns before possession was taken by him was not competent or admissible against defendants C. O. Witte, Arthur Lynah and Edward Sparkman, under the pleadings in this action, concluded there was no competent evidence to submit to the jury and dismissed the complaint, from which plaintiffs appeal.

The first exception makes the point that the Court erred in deciding that defendants Witte, Lynah and Sparkman occupied the position of mortgagees in possession. The ruling is correct if the deed of Francis to Loyns and the collateral agreement to reconvey by Loyns to Francis constitute a mortgage and if Witte, Lynah and Sparkman are subject to the equities existing between the original parties. Whether such a transaction is a mortgage or a conditional sale must be determined by the intent of the parties as clearly established by the attending facts and circumstances. The most general test is whether the debt continued or was discharged by the con-

veyance. *Watkins* v. *Williams* (N. C.), 31 S. E. Rep., 388; *Keithly* v. *Wood,* 151 Ill., 566; 42 Am. St. Rep., 26; 1 Jones on Mortgages, sec. 267; Pomp. Eq. Juri., sec. 1195. The agreement to reconvey in this case was upon condition that "if the said Anthony Francis or his heirs shall well and truly pay me the above sum of one hundred and forty dollars, with interest at seven per cent. per annum, with any amount that the said Anthony Francis may be indebted to me by open account or otherwise on or before the 1st day of January, 1875, then and in that case to reconvey to him the said tract of land described above." This recital shows the continued existence of a debt to be paid as a condition of reconveyance, and, independent of the parol testimony submitted, warranted the view that the deed and agreement to reconvey constituted a mortgage as between the original parties at the time of their execution. Being a mortgage or in the nature of a mortgage, the instruments were such as are required to be recorded so as to affect the rights of subsequent creditors or purchasers under sec. 2456, Vol. 1, Civil Code, and having been duly recorded, the respondents in a proper case made might be held affected with notice of whatever equity Francis and his heirs-at-law may have or compel performance of contract to reconvey, subject, of course, to any proper defense.

Assuming then that respondents are in possession affected with notice, they would be subrogated to all the rights of their grantor, Loyns, as mortgagees in possession. Loyns took possession of the land in 1884 or 1885, after the repeal of the proviso of the act of 1791 by statute of December 18, 1879, and the fact that the mortgage was executed before said repeal would not operate to prevent the right, if any, of the heirs of Francis to redeem. *Sims* v. *Steadman,* 62 S. C., 304, 40 S. E., 677. A mortgagee in lawful possession is entitled to retain possession against the mortgagor until it is shown under proper pleadings and proof that the debt has been paid. *Cook, Admr.,* v. *Cooper,* 7 L. A. R., 273, and cases cited in note at page 276; *Kelso* v. *Norton,*

93 Am. Rep., 308; *Hubbal* v. *Moulson,* 53 N. Y., 225, 13 Am. Rep., 519.

The complaint, however, contains no allegations that the papers in question constitute a mortgage, nor that said mortgage had been paid, nor that the conditions of the contract to reconvey had been performed, nor that respondents are in possession with notice of appellants' equity, and the Court was not called upon to consider whether any amendment to the complaint could or should be made to this end. The action being for partition, and under the issue of paramount title in respondents, the appellants having shown lawful possession in respondents, it was not error to dismiss the complaint. *Shiver* v. *Arthur,* 54 S. C., 184, 32 S. E., 310; *Miller* v. *Price,* 66 S. C., 85, 44 S. E., 584.

In view of the character of the action as disclosed by the pleadings, it must also follow that no error was committed in excluding the testimony sought to be introduced and in holding that there was no competent testimony to sustain the action.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE WOODS, *dissenting:* I am unable to resist the conclusion that in the opinion of the Court too much importance is attached to the form of the action. The deed from Francis to Loyns and the obligation of Loyns to reconvey, taken together, constituted a mortgage, or at least a contract in the nature of a mortgage. These papers having been duly recorded, all subsequent purchasers from Loyns were charged with notice of them and their legal effect. If the debt was paid before Loyns, the original mortgagee, took possession, then there was no debt and no mortgage when Salinas and his grantees, Witte, Lynah and Sparkman, took possession, and they could not hold as mortgagees in possession against the plaintiffs.

Evidence of payment in full of the mortgage debt to Loyns was therefore competent to show there was no mort-

gage, and hence no mortgagees in possession. One of the witnesses testified, Francis, the mortgagor, and Loyns, the mortgagee, had made a full settlement, Loyns saying to Francis: "That is all right; come back Monday and get your papers."

If the mortgage was paid, then the plaintiffs as heirs of the mortgagor out of possession were entitled to recover the possession from the defendants unlawfully holding possession under a mortgage no longer having any existence. The fact that the mortgage consisted of two papers, the deed, absolute in form, and the separate agreement of the mortgagee to reconvey, instead of the usual single paper in form, an absolute conveyance with the condition of becoming a nullity on payment, should make no difference. *McCreary* v. *Coggeshall,* 74 S. C., 55.

For these reasons, I think the evidence as to the payment of the debt to Loyns was competent and the Circuit Judge was in error in directing a verdict for the defendants.