## LEVI v. BLACKWELL.

1. A GENERAL EXCEPTION alleging that "it was error in the Circuit Judge not to sustain the exceptions to the referee's report," disregards the requirement of rule V. of this court and cannot be considered.
2. FINDINGS OF FACT by referee and Circuit Judge, not unsupported by testimony, confirmed.
3. CONSTRUCTION OF AGREEMENT.—An agreement that a deed shall stand as security for the payment of any and all demands now existing and hereafter due, with the right given to the creditor to sell the land if the debts are not paid by January 1, 1877, does not seem to limit the debts secured to such as were contracted prior to that date.
4. EQUITABLE MORTGAGE—DEBT DUE.—The rule which forbids a formal mortgage to be extended by subsequent parol agreements, does not apply to an instrument in form a deed of conveyance, but intended to operate as a mortgage; for in the former case, the mortgage rests in contract, while in the latter case, equity, when invoked to declare the deed, under which action has been instituted to recover the land, a mortgage, will require the grantor seeking equitable protection, to do equity and pay all that he owes, whether there has been an agreement to that effect, or not.

Before IZLAR, J., Clarendon, June, 1891.

Action by M. Levi against Michael J. Blackwell *et al.* The decree of the Circuit Judge was as follows:

This cause came on to be heard before me at the June term of the Circuit Court at Manning. Having carefully examined and considered the testimony taken by the clerk at the reference, and his report thereon, together with the exceptions, I am of opinion that the referee is borne out by the testimony in his findings and conclusions as to the amount of the indebtedness of the defendant, M. J. Blackwell, to the plaintiff, except that the amount reported by him as due at the date of his report upon the $542.05 note, marked exhibit "B," should be reduced from $925.84 to $841.36, this reduction of $84.48 appearing proper, as the allowance of interest on said note by the referee for a portion of the time for which it was calculated should have been at the rate of seven instead of ten per cent. I am of the opinion that the amount of the said note as found by me, to wit, eight hundred and forty-one

36·100 dollars, was intended to be secured by the terms of the written agreement, dated January 27th, 1876, and marked exhibit "D," is secured by the said deed of Blackwell to Levi, so adjudged to be a mortgage.

From a careful examination of the testimony, I am led to the conclusion that it was the intention of the parties to the deed, evidenced by the long course of dealing between them and the surrounding circumstances, that all indebtedness which might be contracted by the defendant, M. J. Blackwell, with plaintiff, after the execution of said deed, should be thereby secured; there are also arising from the testimony good grounds to conclude that if the deed was not originally intended to secure any debt contracted after the first of January, 1877, the parties to it have extended its lien to subsequent indebtedness, and that the note for $73.80, amounting, with interest on the day of the date of said report, to the sum of $127.75, and filed as exhibit "A," and the account contracted by defendant, M. J. Blackwell, with plaintiff for $28.-73, mentioned in the referee's report, are secured by the said deed of Blackwell to Levi.

I find that the indebtedness of the defendant, M. J. Blackwell, to the plaintiff, on the day of the date of said report, was $997.84. Under my view of the testimony, and the law applicable thereto, I hold that the said amount of nine hundred and ninety-seven 84–100 dollars is secured by the said deed, and the same is a lien on the real estate described in the complaint, in favor of the plaintiff and against the defendant, M. J. Blackwell, to the extent of the said indebtedness and the cost herein incurred. Therefore, and after hearing A. Levi, Esq., and Joseph F. Rhame, Esq., in opposition to said exceptions, and B. Pressley Barron, Esq., in favor of sustaining the same, it is ordered, that the said exceptions be not sustained, and they are hereby overruled.

Further ordered and adjudged, that the premises described in the complaint in this action, or so much thereof as may be sufficient to pay the sum due, with interest and cost, be sold, &c.

Defendant appealed on the exceptions set forth in the opinion.

*Mr. B. P. Barron*, for appellant.

*Mr. J. F. Rhame,* contra.

March 19, 1892.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   On the 22nd day of January, 1876, the defendant, M. J. Blackwell, executed his deed, in the ordinary form of an absolute conveyance, to the plaintiff, whereby he conveyed to him a certain tract of land in the County of Clarendon, more particularly described in said deed.   On the same day the plaintiff executed a paper, in the form of a receipt, not under seal, whereby he acknowledged the receipt of the title to said tract of land from the defendant, M. J. Blackwell, which he admits was conveyed to him "as collateral security for the payment of any and all demands which I may now and hereafter have against the aforesaid M. J. Blackwell.   Said titles to be null and void and land reconveyed if said amounts are duly paid by the 1st January, 1877, otherwise the titles herein described to be forfeited or land sold and all above the amount and cost due to revert to the aforesaid M. J. Blackwell, his heirs or assigns."

It seems from the testimony, that the parties continued their dealings with each other for several years after the 1st of January, 1877, and the parties never having come to any final settlement of their affairs, the plaintiff, some time in July, 1888, commenced this action to recover possession of the said tract of land. The defendant, M. J. Blackwell, answered, setting up two defences : First, a general denial of all the allegations contained in the complaint.   Second, that the deed above referred to, though absolute in form, was intended merely as security for the payment of his account to the plaintiff for the year 1875, and such further indebtedness as he might incur up to the 10th of October, 1876; that such indebtedness amounted at that date to the sum of $246.81, which he is willing to pay, but is unable to raise the money for that purpose as long as plaintiff holds the legal title and claims to be the owner in fee of the premises, and denies that there is any other indebtedness intended to be secured by said deed.   On the 27th of February, 1891, an order was entered by consent, declaring that the said deed was intended as a mortgage, and directing "That it be referred to the clerk of this court to take an accounting and ascertain what sum is due, if any, by M.

38—35

J. Blackwell to the plaintiff." In pursuance of this order, the clerk held a reference, took the testimony which is set out in the "Case," and made his report, finding that the entire amount due by M. J. Blackwell to the plaintiff, with interest to the date of the report, is $1,082 32, all of which is secured by the conveyance above mentioned. To this report the defendant, M. J. Blackwell, excepted, and the case came before his honor, Judge Izlar, for a hearing upon said report and exceptions, who rendered his decree overruling the exceptions, with a slight modification as to the interest, and rendered judgment for a sale of the land, and the application of the proceeds of such sale to the payment of the amount found by him to be due to the plaintiff.

From this judgment the defendant, M. J. Blackwell, appeals upon the following grounds: "*First.* It was error in the Circuit Judge not to sustain the exceptions to the referee's report. *Second.* His honor, the Circuit Judge, erred in his apprehension of the fact which led to his conclusion, 'that it was the intention of the parties to the deed, evidenced by the long course of dealing between them, and the surrounding circumstances, that all indebtedness which might be contracted by the defendant, M. J. Blackwell, with plaintiff after the execution of said deed, should be thereby secured.' *Third.* It was error in apprehension of the facts which led his honor to conclude 'that there are, also, arising from the testimony, good grounds to conclude that if the deed was not originally intended to secure any debt contracted after the 1st of January, 1877, the parties to it have extended its lien to subsequent indebtedness.' *Fourth.* It was error in law in the Circuit Judge to conclude 'that if the deed was not originally intended to secure any debt contracted after the first of January, 1877,' the parties to it could, by parol, change or alter its original intent, and extend its lien by parol to subsequent indebtedness not contemplated at the time of its execution."

Under rule V. of this court, as amended in 1882, as well as under several decisions of this court, the first ground is too general and cannot be considered. *Chapman* v. *Lipscomb*, 18 S. C., 230; *Harbin* v. *Parker*, 19 *Id.*, 598; *Johnson* v. *Frazee*, 20 *Id.*, 503; *Covar* v. *Sallat*, 22 *Id.*, 271.

The second and third grounds raise questions of fact simply,

and under the well settled rule this court will not disturb the concurrent findings of the Circuit Judge and the referee where there is testimony sustaining their conclusions; as there was in this case. In addition to this, it seems to us that the paper marked exhibit D in the "Case," upon which appellant relies as a defeasance, may well be construed as an agreement that the deed shall stand as a security for any debt which the appellant might thereafter incur to the plaintiff; and that it cannot be confined to debts contracted prior to the 1st of January, 1877, for the paper declares that the conveyance was intended as a security "for the payment of *any and all* demands which I may now *and hereafter* have against the aforesaid M. J. Blackwell." So that those words would cover not only debts then due, but also any that might "*hereafter,*" without limit as to time, be contracted. The subsequent provision, that if the debts are not paid by the 1st of January, 1877, the plaintiff might sell the land, does not, necessarily, confine its operation to debts contracted prior to that time. But, be that as it may, under the view which we will presently take, it is immaterial whether this be the proper construction of the paper or not, and also whether the judge erred in his findings of fact as to the intentions of the parties.

The fourth ground of appeal imputes error of law to the Circuit Judge in holding that the parties could, by parol, extend the lien of the so-called mortgage, so as to protect debts other than those intended to be secured when the paper was originally executed. In considering this question, it is important to keep in mind the fact, that the paper whose operation and effect is under consideration, was not a formal, legal mortgage, but was an absolute conveyance, which, under the testimony, equity will not permit to operate as such, but will confine its operations to the purpose for which it was originally intended—security. The rule in regard to these two classes of paper is entirely different. As to the former—a formal, legal mortgage—the rule is, that while it may be competent to show by parol what debt was intended to be secured by it when it was executed, yet it is not competent to extend by parol the lien of such mortgage to a debt not contemplated by the parties at the time it was exe-

cuted. *Lindsay* v. *Garvin*, 31 S. C., 259, and the authorities therein cited, and *O'Neill* v. *Bennett*, 33 *Id.*, 243. But in the case of an absolute conveyance in form, which equity declares to be a mortgage, the rule is different. *Walker* v. *Walker*, 17 S. C., 329, as qualified by the case of *O'Neill* v. *Bennett, supra,* and *Lake* v. *Shumate*, 20 S. C., 23.

The reason for the distinction is this: When a mortgagee, holding a formal, legal mortgage, undertakes to enforce his rights thereunder, he is proceeding to enforce rights resting *in contract*, and hence he is confined to the terms of the contract as agreed upon by the parties at the time the contract was entered into in the solemn form of a mortgage. He cannot, therefore, be permitted to show that his mortgage, which was originally intended to secure one debt, has, by a subsequent parol agreement, been so extended as to cover another debt not contemplated by the parties at the time the contract which he is seeking to enforce was entered into. But where, as in this case, one who holds the legal title to a tract of land, under an absolute conveyance, is seeking to enforce his legal rights thereunder, is met by a showing on the part of his grantor, that although he holds the legal title, equity will not permit him to enforce it, because at the time it was executed such paper was not intended to operate as an absolute conveyance, but was intended merely as a security for the payment of a debt, and hence if the paper were allowed the effect of an absolute conveyance, it would operate as a fraud; it is not a question of contract, but one of pure equity; and the maxim, that he who seeks equity must himself do equity applies, and hence one who invokes the aid of equity as a protection against the holder of the legal title, will be required to pay not only the debt which the absolute conveyance was intended to secure, but also whatever else he may owe the holder of such title. *Walling* v. *Aiken*, McMull. Eq., 1; *Lake* v. *Shumate, supra.*

It seems to us, therefore, that whether there was or was not an agreement between the parties to extend the security of the conveyance to debts other than those originally contemplated, was an immaterial inquiry in this case, and that in any view of the matter, the judgment appealed from is not erroneous.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.