## SIMS v. STEADMAN.

1. SUBROGATION—MORTGAGES—TRESPASSER—REAL PROPERTY.—Parties in possession of land honestly claiming under a chain of title from one who went into possession under a deed executed under a defective and invalid power of sale in a mortgage, are entitled to be subrogated to the rights of the mortgagee; they are not trespassers, and heirs of mortgagor cannot recover possession without paying mortgage debt.

2. REAL PROPERTY—PRACTICE—EQUITY—FORECLOSURE.—Where a plaintiff brings a simple law action for possession of land, and defendant

sets up an equitable defense of possession through a chain of title from a deed executed under a defective power of sale in a mortgage, which defeats plaintiff's right to possession, it is proper to dismiss the complaint; and plaintiff has no cause to complain that foreclosure asked for by defendant was not granted him.

3. MORTGAGES—CONTRACTS—EX POST FACTO LAWS.—Amendment to sec. 536 of Rev. Statutes of 1872, in 17 Stat., 19, by striking out the proviso ("and said provisions shall not apply when mortgagor shall be out of possession"), relates merely to the remedy and does not impair the obligations of a contract made before such repeal.

Before BENET, J., Spartanburg, December, 1900. Affirmed.

Action by Ed. Sims *et al.* against Jane Steadman *et al.* From judgment for defendants, plaintiffs appeal.

*Messrs. J. W. Nash* and *T. S. Sease,* for appellants. *Mr. Nash* cites: *As to mortgagee in possession:* Rev. Stat. 1872, p. 536; 17 Stat., 19; 26 S. C., 408; 36 S. C., 569; 12 S. C., 25; 11 Rich., 705. *As to impairment of a substantial right:* 15 Wall., 610; 13 S. C., 364; 42 S. C., 88.

*Messrs. D. E. Hydrick, S. Wilson* and *H. E. DePass,* contra. *Mr. Hydrick* cites: *Statute will not be given retroactive effect:* 34 S. C., 491; 31 S. C., 7; End. on Int. of Stat., secs. 273, 275; Cooley on Con. Lim., p. 290; 17 Ency., 2 ed., 4; 13 Rich., 498; 14 Rich., 148. *The rights of the parties stood as at common law:* 1 Hill Ch., 497; 11 Rich., 686; 15 Rich., 252; 12 S. C., 9; 47 S. C., 416; 37 S. C., 317. *Successive conveyances operated as assignment of the mortgage:* 40 S. C., 413, 457. *An action to redeem is plaintiff's remedy:* 27 S. C., 309.

January 20, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from the following order of his Honor, Judge Benet: "This is an action at law to recover possession of a tract of land described in

the complaint.    The case was tried by me without a jury, by the written consent of the attorneys for all the parties, on an agreed statement of facts, and the records of certain deeds and mortgages therein referred to.    The plaintiffs and the defendants claim title to the land in dispute from a common source, to wit: Charles Sims.    On March 30th, 1878, Charles Sims, being seized and possessed of said tract, executed a mortgage thereof to James Clemens, to secure his note for $55; and on December 8th, 1881, he gave a second mortgage of the same tract to B. D. Foster to secure his note for $58.    Clemens thereafter duly assigned his note and mortgage to Foster.    Both mortgages were in form, what are commonly known as Scotch mortgages, and contained full covenants of warranty.    Charles Sims died, intestate, on December 14th, 1881, living on the land, leaving the plaintiffs as his only heirs at law.    The condition of each of said mortgages having been broken, B. D. Foster duly advertised the land for sale, under and by virtue of the power contained in said mortgages, and sold it at public auction on April 20th, 1882, to J. N. Cook at and for the sum of $190, and executed a deed to Cook in his own (Foster's) name. Cook went into immediate posession, under and by virtue of his said purchase and deed, and by a continuous chain of title from him, the defendants claim under said conveyance. The defendants are entitled to be subrogated to the rights and equities of the original mortgagees under said mortgages. *Givens* v. *Carroll,* 40 S. C., 413.    The statute law governing the rights of mortgagor and mortgagee in the mortgaged premises, at the date of mortgage to Clemens, will be found in the Revised Statutes of 1872, page 536, section 1.    The words in the proviso to said section, 'And said provisions shall not apply when the mortgagor shall be out of possession,' were stricken out after the execution of said mortgage, to wit: by the act of December 18, 1879, 17 Stat., 19.    The rights of the parties to the mortgage, and those claiming under them, must be determined by the law as it stood at the time of the execution of the mortgage.    I hold, therefore,

that these plaintiffs, being the heirs of the mortgagor, cannot recover the possession from the defendants, who are assignees of his mortgagees in possession of the mortgaged premises.

"It is, therefore, ordered and adjudged, that the complaint be dismissed with costs."

When Foster foreclosed the mortgages and sold in 1882, he signed the conveyance simply "B. D. Foster."

The plaintiffs appealed upon the following exceptions:

"1. Because his Honor erred in holding that 'The defendants are entitled to be subrogated to the rights and equities of the original mortgagees under their mortgages,' and in going further and holding that the defendants were, therefore, mortgagees in possession, and, therefore, entitled to hold the land as against the plaintiffs, and in dismissing the complaint, when he should have held that this being an action at law, each party must stand on his legal rights; and if the sale of the land by Foster to Cook operated as an assignment of the mortgage debt, that the defendants should be left to the foreclosure of their mortgage on the equity side of the Court, where all the equities of the parties could be adjusted; it being suggested that he should have held that the defendants are the owners of the mortgagee's debt and the plaintiffs of the land.

"2. Because his Honor erred in holding that the rights of the parties to the mortgages and those claiming under them, must be determined by the law as it stood at the time of the execution of the mortgages, when he should have held that the power of foreclosure and sale was a part of the remedy and not of the contract; and that the law as it stood at the time of the sale, April 20, 1882, should govern the rights of the parties to this action.

"3. Because his Honor erred in finding that the defendants are mortgagees in possession of the mortgaged premises, it being submitted that since the 18th of December, 1879, no one can become what is known as a 'mortgagee in possession' in this State.

"4. Because his Honor erred in holding that the plaintiffs cannot recover possession from the defendants, when he should have held that the plaintiffs are entitled to possession and left the parties to an adjustment of the mortgages, debt, rents, profits, &c., on the equity side of the Court, more especially since the defendants set out the mortgages in their answer, and ask that they be foreclosed."

The testimony is not set out in the record. Indeed, it does not appear that any was introduced; no question was raised as to the sufficiency of the allegations of the answer to constitute a defense, nor do the exceptions assign error in findings of fact. The presumption in favor of the correctness of the decree, must prevail unless, as matter of law, the exceptions show that it was erroneous.

The main question is whether the heirs of the mortgagor are entitled to recover possession of the land from the defendants claiming under a continuous chain of title from one who entered upon the land, under a deed made in execution of a defective and invalid power of sale contained in the mortgage, in good faith and in the honest belief that he was clothed with the legal title, at the time of such entry. The cases of *Givens* v. *Carroll,* 40 S. C., 413, and *Williams* v. *Washington,* 40 S. C., 457, conclusively show that his Honor, the Circuit Judge, did not err in ruling that the defendants are entitled to be subrogated to the rights and equities of the original mortgages. The complaint does not allege that the defendants, or those from whom they claim, entered into possession of the land forcibly and in violation of law, but simply, "that the defendants are in unlawful possession thereof, and withhold the same from these plaintiffs, claiming some interest therein." The agreed statement of facts, and the decree of the Circuit Judge, show that Cook went into possession under and by virtue of his said purchase and deed, and that the defendants claim the land by a continuous chain of title from him. When one enters into possession of land under a deed purporting to convey the legal title, believing that his title is good in fee,

but which is, nevertheless, void by reason of the fact that the power of sale contained in the mortgage in pursuance of which the deed was executed, was defective and invalid, equity will refer his possession to his deed purporting to convey the fee, to prevent him, in tenderness for his honest mistake, from being considered as a trespasser. The case of *Rabb* v. *Patterson,* 42 S. C., 528, shows that he is not a trespasser. The necessity for being clothed with a title purporting to convey the fee is set forth in 2 Pom. Eq. Jur., sections 756 and 785. Equity gives effect to the deed purporting to convey the legal title in so far as is necessary to protect the rights of those entering into possession of the land under these circumstances, and postpones the plaintiff's right to recover possession, until he does equity by paying the amount due on the mortgage—*Cathcart* v. *Suggenheimer,* 18 S. C., 123; *Bailey* v. *Bailey,* 41 S. C., 337; *Bryan* v. *Kales,* 162 U. S., 411; *Bryan* v. *Brasius,* 162 U. S., 415—and remits him to his equitable right of redemption.

Error is also assigned on the part of the Circuit Judge, in dismissing the complaint, when he should have held that this being an action at law, each party must stand on his legal rights, and if the sale of the land by Foster to Cook operated as an assignment of the mortgage debt, that the defendants should be left to the foreclosure of their mortgage on the equity side of the Court, where all the equities of the parties could be adjusted. The only relief which the plaintiffs had the right to demand under the allegations of the complaint was to recover possession of the land. The defendant set up a defense as a bar to the plaintiffs' legal cause of action. They also asked, in case their defense was ineffectual for that purpose, for a judgment of foreclosure. As hereinbefore stated, their defense was sufficient to defeat the legal action of the plaintiffs to recover possession of the land. As the pleadings on the part of the plaintiffs do not show that they were entitled to any further relief, we fail to see wherein they have the right to complain that the *defendants* were not granted other and further

20—62

relief.    The foregoing views render the question raised by the second exception immaterial.

We may say, however, that the proviso related merely to the remedy, the rights thereunder were only contingent, and its repeal did not impair the obligation of the contract or divest a vested right.    *Bank* v. *Garlington,* 54 S. C., 413; *Baker's Executors* v. *Kilgore,* 145 U. S., 487.    We have thus practically disposed of all the questions involved.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, without prejudice to the right of the plaintiffs to bring an action to redeem.