## GRIFFIN v. GRIFFIN.

PLEADINGS—SUBROGATION.—A COMPLAINT seeking to subrogate a purchaser at a void sale under power in a mortgage to the rights of the mortgagee, should allege that the purchaser bought under the belief that he was obtaining the legal title by the sale, and should allege the amount of the purchase price. Exceptions to this general rule stated.

Before LEROY F. YOUMANS, special Judge, Clarendon, November, 1903. Reversed.

Action by Samuel W. Griffin against Joseph D. Griffin *et al.,* on the following complaint:

"The complaint of the above named plaintiff respectfully shows to this Court:

"I. That on the 16th day of January, A. D. 1883, the defendant, Joseph D. Griffin, made and delivered to Moses Levi his bond, bearing date on said day, conditioned for the payment of the full and just sum of $2,585, on or before the eighth day of December, 1883, with interest from date at the rate of ten per cent. per annum until paid in full.

"II. That on the 19th day of January, 1883, the said Joseph D. Griffin, to secure the payment of said bond, executed and delivered to Moses Levi his deed, and thereby conveyed, by way of mortgage, to Moses Levi, his heirs and assigns, the following lands and tenements, situated in the said county of Clarendon: 'My individual share as an heir of John Griffin, deceased, of the real estate owned by the said John Griffin at the time of his death, and five separate shares of said real estate of five other heirs of the said John Griffin, which have been conveyed to me and of which I am the owner. The real estate of which the said six shares are hereby granted, bargained, sold and released (being six-elevenths thereof) is situate in said county and State, on Jack's Creek, contains 183 acres, and is bounded south and west by lands of J. J. Holliday, east by lands of L. N. Rich-

bourg, and north by lands of D. W. Brailsford. The run of Jack's Creek being the line on the southeast corner.'

"III. That the said deed was what is commonly known as a Scotch mortgage, and contained a condition, in substance, that if the said Joseph D. Griffin should pay, or cause to be paid, to the said Moses Levi all his indebtedness to him then existing or thereafter contracted, as well as the sum of money evidenced by the said bond, with interest thereon, if any shall be due, according to the true intent and meaning of the said bond, then the deed of bargain and sale should cease, determine and be utterly null and void. But in case of non-payment of the indebtedness then existing, or of any debt thereafter contracted, or of the said bond, the said Joseph D. Griffin empowered the said Moses Levi, his heirs, executors, administrators and assigns, to grant, bargain, sell and convey the said premises at public auction, make a conveyance in fee of the said premises to the purchaser at such sale, and after deducting from the proceeds of sale all taxes paid by the mortgagee, the principal and interest due on the said debt or debts, and all counsel fees and costs of sale, then to pay the overplus, if any, to the said Joseph D. Griffin, who further agreed that upon the completion of said sale, by conveyance, the purchaser should be entitled to immediate possession, and any holding thereafter by the said Joseph D. Griffin, or other person holding under him, shall be as tenant of the said purchaser at a rent of $30 per month, payable monthly, and giving the purchaser the right to terminate such tenancy and obtain possession of the premises.

"IV. That on the 20th day of January, A. D. 1883, the said mortgage was delivered to the register of mesne conveyance of said county, to be by him entered on record, and was recorded.

"V. That default having been made in the payment of the debt secured by said mortgage, the said Moses Levi, under the power contained in said mortgage, on the 4th day of February, 1884, sold the shares and interests covered

by and described in the said mortgage; and by his deed containing all necessary recitations, bearing date the 13th day of February, 1884, the said Moses Levi conveyed the premises so sold to Ferdinand Levi, who by his deed, bearing date the 14th day of February, 1884, conveyed such premises to the said Moses Levi.

"VI. That by his deed, bearing date the 16th day of January, A. D. 1891, the said Moses Levi sold and conveyed all his right, title and interest in and to the said 183 acres tract of land, to said Samuel W. Griffin; that the interests and shares of, in and to said land so conveyed by said Moses Levi, covered the six shares thereof which were embraced in the mortgage executed by said Joseph D. Griffin, referred to in the second paragraph of this complaint, and acquired by said Moses Levi under the foreclosure sale referred to in the fifth paragraph of this complaint, as well as such shares and interests in the said 183 acres tract of land as were otherwise acquired by said Moses Levi.

"VIII. That the aforesaid conveyance from Moses Levi to Ferdinand Levi, bearing date the 13th day of February, 1884, is invalid in law, by reason of the fact that the same was not signed in the name of the mortgagor by the mortgagee.

"VIII. That the said sale and invalid conveyance from Moses Levi to Ferdinand Levi, and the said conveyance from Ferdinand Levi to Moses Levi, and the said conveyance from Moses Levi to Samuel W. Griffin, the plaintiff herein, had, however, the effect of transferring and assigning the said bond and mortgage and the debt thereby secured, and all the right, title and interest of the said Ferdinand Levi and the said Moses Levi therein to the plaintiff, Samuel W. Griffin, who, by operation of law, is subrogated to all the rights of the said Moses Levi and of the said Ferdinand Levi, acquired by, through and under said mortgage.

"IX. That the condition of said bond and mortgage, as hereinbefore alleged, has long been broken; and there is due and remaining unpaid upon said bond and mortgage the sum

of $2,585, with interest thereon from the 16th day of January, A. D. 1883, at the rate of ten per cent. per annum until fully paid.

"X. That the defendants, William H. Griffin, Richard M. Griffin and Lawrence Griffin, have been for a number of years, and are now, occupying, using, holding and receiving the rents and profits accruing from the aforesaid mortgaged premises, alleging that such occupancy and holding is in behalf of, and for the benefit of, the defendant, Joseph D. Griffin.

"Therefore, the plaintiff demands judgment:

"1. That the defendant, Joseph D. Griffin, and all persons claiming under him, be forever barred and foreclosed of all right, title, interest and equity of redemption in the said mortgaged premises or any part thereof.

"2. That the mortgaged premises be sold under the order and direction of this Court, and the proceeds of sale, after deducting the costs and expenses of this action, and of such sale and any taxes that may be a lien upon the premises, be applied to the payment of the amount due upon the bond and mortgage hereinbefore set forth, with the interest thereon to the time of such payment.

"3. That judgment be entered up in favor of the plaintiff against the defendant, Joseph D. Griffin, for the sum of $2,585, with interest thereon from the 16th day of January, A. D. 1883, at ten per cent. per annum, and that the net proceeds of sale be credited upon said judgment."

The defendant, Joseph D. Griffin, demurs to the complaint, "and for cause of demurrer alleges that the same does not allege facts sufficient to constitute a cause of action:

"1. In that it does not allege facts showing that the plaintiff herein is the legal or equitable owner of the debt, bond and mortgage mentioned therein, or either of them.

"2. That the complaint does not allege facts sufficient to show that the plaintiff owns any interest, either legal or equitable, in either the debt, bond or mortgage mentioned therein."

224 GRIFFIN *v.* GRIFFIN.

From Circuit order overruling demurrer, defendants appeal.

*Messrs. Wilson & Durant,* for appellants, cite: *When subrogation may be decreed and what party seeking must show:* 19 S. E., 669, 1; 51 S. C., 206; 62 S. C., 304; 67 S. C., 432; 18 S. E., 1031; 1 Hill's Eq., 494; 15 Rich. L., 260; 1 Jones on Mtgs., sec. 874; Freem. on Jud. Sales, 51; 1 Story, 478; 18 S. C., 131; 58 S. C., 392; Sheldon on Sub., secs. 31, 34; 2 Jones on Mtgs., sec. 1902; 15 S. E., 713; 56 Ark., 563; 24 Ency., 1 ed., 261; 24 Wis., 441; 8 Gratt., 320; 29 Mo., 152; 12 Ency., 1 ed., 231; 1 Strob. Eq., 52; 59 Ia., 686; 37 U. S., 11; 41 Am. D., 226; 24 Ind., 267; 21 L. R. A., 48; 7 L. R. A., 273; 10 S. C., 33; 26 L. R. A., 117; 52 S. C., 464; 4 S. C., 307; 20 S. C., 381; 14 Ency. P. & P., 37.

*Messrs. Jos. F. Rhame* and *W. C. Davis,* contra, cite: *Where a fact is pleaded, whatever inferences of law or conclusions of facts may properly arise from it are to be regarded as embraced in such averment:* 8 S. C., 103; 2 Wait's Pr., 454; Bliss Code Plead., secs. 411, 425a, 175; Pom. on Code Rem., 3 ed., sec. 549; 12 S. C., 5; 51 S. C., 436; 63 S. C., 525; 60 S. C., 492. *Purchaser of lands will succeed to all the rights and remedies of his vendor:* 24 Ency., 259; Sheld. on Sub., 2 ed., 34; 16 R. I., 458.

November 24, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The Circuit Court overruled the demurrer to the complaint and the defendants appeal. It is well established that a purchaser who buys at a void sale purporting to be made under the power contained in a mortgage, with belief that he will obtain a good title, is subrogated to the rights of the mortgagee and may foreclose the mortgage. As we understand, the objection to this complaint is that there is no allegation that the purchaser bought

and paid the purchase money honestly believing that he would obtain a good title. In *Sims* v. *Steadman,* 62 S. C., 300, followed in *Chambers* v. *Bookman,* 67 S. C., 454, the equity of subrogation is placed on the ground that the purchaser bought under the honest belief that by the sale he would be clothed with the legal title. Perhaps cases may arise presenting peculiar features justifying the Court in applying the doctrine of subrogation, even when the purchaser did not feel confident of his title, but was impelled to bid at the sale to protect his own interests rather than take the risk of the Court holding a sale valid which he himself regarded invalid or of doubtful validity. No such peculiar circumstances are alleged in this case. and the demurrer must be sustained.

It is held in *Givins* v. *Carroll,* 40 S. C., 413, that the subrogation of the purchaser to the rights of the mortgagee is ordinarily limited to the amount of the purchase money, and for this reason the payment of the purchase money and its amount should usually be alleged. We do not say, however, that a purchaser might not have equities as between himself and the mortgagee which would take the case out of the ordinary rule. As the mortgagee has not been made a party, and he, and not the mortgagor, is primarily interested in this question, we express no opinion as to whether the facts alleged in the complaint makes this case an exception to the rule laid down in *Givins* v. *Carroll, supra.*

The judgment of this Court is, that the judgment of the Circuit Court be reversed and that the demurrer be sustained, with leave to the plaintiff to move to amend as he may be advised.