### GRIFFIN v. GRIFFIN.

SUBROGATION OF PURCHASER UNDER VOID SALE UNDER POWER IN MORTGAGE.—Where a grantee takes a deed in good faith from purchaser under power of sale in a mortgage believing his title to be good, but the sale under the power is found to be void because the deed was executed by mortgagee in his own name and not as attorney of mortgagor, such grantee is entitled to be subrogated to the rights of the mortgagee to amount of purchase money paid by him, and the mortgagor, or those claiming under him, is entitled to have mortgage debt credited with amount of bid at sale under power.

Before PURDY, J., Clarendon, October Term, 1905.   Affirmed.

Action by Samuel W. Griffin against Joseph D. Griffin *et al.*   From order overruling demurrer, defendants appeal.

*Messrs. Wilson & DuRant,* for appellants, cite: *When subrogation is allowed:* Sheld. on Sub., secs. 11, 240, 4, 30, 31, 34; 19 S. E., 669, 1; 51 S. C., 206; 62 S. C., 304; 67 S. C., 432; 18 S. E., 1031; 1 Hill Eq., 494; 15 Rich., 260; 1 Jones on Mtgs., secs. 874, 1902; 18 S. C., 131; 58 S. C., 392; 15 S. E., 713; 56 Ark., 563; 24 Ency., 1 ed., 261; 24 Wis., 441; 8 Gratt., 320; 29 Mo., 152; 12 Ency., 1 ed., 231; 1 Strob. Eq., 52; 59 Ia., 686; 37 U. S., 11; 41 Am. Dec., 226; 24 Ind., 267; 21 L. R. A., 48; 7 L. R. A., 273; Beach Mod. Eq. Jur., secs. 800, 801; 10 S. C., 33; 26 L. R. A., 117; 58 S. C., 185; 52 S. C., 164; 45 S. C., 301; 20 S. C.,

381; 20 Ency. P. & P., 997; 24 Ency., 2 ed., 653; 10 S. E., 959; 20 Ency., 2 ed., 1029; 34 S. C., 377; 46 S. C., 37.

*Messrs. Joseph F. Rhame* and *W. C. Davis,* contra, cite: *As to subrogation:* 40 S. C., 413; 62 S. C., 300; 67 S. C., 432.

September 26, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from an order overruling a demurrer to the complaint. The complaint alleged in substance that on February the 4th, 1884, Moses Levi undertook to sell at public auction six-elevenths of the land therein described under the power contained in a mortgage given to him by the defendant, Joseph D. Griffin, and under this attempted sale subsequently executed to Ferdinand Levi, who was the highest bidder at the sale, what purported to be a deed of conveyance, for the consideration of $650; but that no title really passed, for the reason that the deed was executed by Moses Levi in his own name instead of in the name of the mortgagor; that on February the 14th, 1891, Ferdinand Levi undertook to convey the same interest in the land to Moses Levi, for the consideration of $650, and that thereafter, on July 16th, 1891, Moses Levi conveyed by deed to the plaintiff, for the consideration of $1,000, all his right, title, interest in the land, embracing not only the six shares covered by the attempted sale under the mortgage but other shares subsequently acquired; that plaintiff "purchased the said premises from the said Moses Levi under the honest belief that by the sale thereof to him he would be vested with a perfect, legal title thereto;" that Moses Levi died on the 26th day of January, 1899, and David Levi and Abe Levi are executors of his will; and that there is due and unpaid on the mortgage the sum of $2,585, with interest from January 16th, 1883, at the rate of ten per cent. per annum. Under these allegations, the plaintiff asks to be subrogated to the rights of Moses Levi and Ferdinand Levi to the extent of the

sum of $1,000 paid by him for the land, and interest thereon, and that he have judgment of foreclosure for that amount.

A demurrer to the original complaint in the cause was sustained by this Court (70 S. C., 220, 49 S. E., 561), but as a result of the views expressed in the former opinion the plaintiff amended in two important particulars: the personal representatives of the deceased mortagee have been made parties defendant, and the allegation has been made that the plaintiff bought from Moses Levi under the belief that he was obtaining a good title. The executors of Moses Levi have made no objection to the sufficiency of the complaint, and in making them parties the plaintiff has brought before the Court all who can possibly have any interest in the mortgage. The interest in the cause of the mortgagor, Joseph M. Griffin, and those who claim under him, is necessarily confined to the validity and amount of the mortgage as a present lien on the land; they are not concerned with the question whether the plaintiff is entitled to be subrogated to the rights of Moses Levi, mortgagee, for any defense they may have against the original mortgagee would be effectual against his assignee or one subrogated to his rights. The executors of the mortgagee being before the Court, any judgment rendered with respect to the interest in the mortgage claimed by the plaintiff must forever preclude them from further demands against the defendants based on the mortgage to the extent of the amount thereof that may be adjudged to belong to the plaintiff.

But, waiving this, the allegations of the complaint, if true, entitle the plaintiff to subrogation in any view that can be taken. It is not necessary to the plaintiff's right of subrogation to allege and prove that either Ferdinand Levi or Moses Levi honestly believed the sale to be valid and the title made under it good, for the deeds being actually ineffectual to convey the title, the mortgage was not discharged by it, and when the plaintiff paid his money and took the deed from the mortgagee, not as a speculative volunteer, but in good faith believing his title to be good, he was entitled

to have from the mortgagee the benefit of the mortgage to the extent of the purchase money paid by him. On this point the case of *Sims* v. *Steadman,* 62 S. C., 300, 40 S. E., 677, is conclusive. The correlative equity of the mortgagor and those holding under him is to have credit on the mortgage debt for at least $650, the amount of the original bid, as the proceeds of the sale of the land, even if at the resale now demanded the land should bring less than that sum, for the reason that the mortgagor was in no way responsible for the failure to pass a good title by the deeds made under the former auction sale.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.