7129

GRIFFIN v. GRIFFIN.

1. MORTGAGES.—Where a mortgagee makes an invalid sale under a power in the mortgage his deed conveys no title, mortgagor has no valid defense therefrom against foreclosure of the mortgage and in such foreclosure is not entitled to have his mortgage debt credited with amount land was bid off at, at such invalid sale.

*Givens* v. *Carroll,* 40 S. C., 413, *modified.*

2. IBID.—SUBROGATION.—Where a mortgagee makes an invalid sale of mortgaged premises under power in the mortgage, makes deed to the purchaser, afterward takes a deed from purchaser to himself and goes into possession, he is a mortgagee in possession and his grantee may have foreclosure of mortgage and should be subrogated under the mortgage. to the amount he paid for the land less the rents accruing during his possession.

3. RENTS.—ONE TENANT IN COMMON is liable to others for the rents and profits actually received by him for so much of the land as he used over his share, but not for rental value.

Before MEMMINGER, J., Clarendon, October, 1907. Modified.

Action by Sam'l W. Griffin against Joseph D. Griffin, Wm. H. Griffin, Richard M. Griffin, Lawrence Griffin and David Levi and Abe Levi, executors of Moses Levi. From Circuit decree, defendant, Joseph D. Griffin, appeals.

*Mr. Charlton DuRant,* for appellant, cites: *Subrogation:* 18 S. C., 131; 58 S. C., 392; 19 S. E., 669; Sheldon on Sub., secs. 31, 34; 2 Jones on Mtgs., sec. 1902; 24 Ency., 1 ed., 261; 59 Ia., 686; 37 U. S., 11; 41 Am. D., 226; 24 Ind., 267.

Messrs. Joseph F. Rhame and W. C. Davis, contra.

April 9, 1909.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   Two opinions have already been
rendered in this cause on demurrers to the complaint.   70
S. C., 220, 49 S. E., 561; 75 S. C., 249, 55 S. E., 317.   The
judgment of the Circuit Court, overruling the demurrer to
the amended complaint, having been affirmed by this Court,
the cause was heard by Judge Memminger on the evidence
taken by a referee.   The defendant, Joseph D. Griffin, ap-
peals from the judgment of the Circuit Court, on the ques-
tions of subrogation and the accounting by the plaintiff for
rents as a mortgagee and cotenant in possession.

These are the material facts bearing on the subject of
subrogation: Joseph D. Griffin executed to Moses Levi, on
19th January, 1883, a mortgage to secure the sum of $2,585.
The property described in the mortgage was six-
elevenths of a tract of land, containing one hundred
and eighty-three acres.   Under the power contained
in the mortgage, Moses Levi, on 4th February, 1884, under-
took to sell the property at public auction and to execute to
Ferdinand Levi, the highest bidder at the sale, a deed of
conveyance for the consideration of $650, as expressed in the
deed.   On 14th February, 1884, Ferdinand Levi conveyed
his interest to Moses Levi, for the same consideration.
Thereafter, on 16th July, 1891, Moses Levi conveyed
to the plaintiff, Samuel W. Griffin, his right, title and inter-
est in the land, consisting of "eight interests," as the deed
states.   The consideration expressed in this deed was $1,000.
The plaintiff made the purchase and took the deed under the
bona fide belief that he was receiving a good title.   The
plaintiff alleges that under these facts, he is entitled to be
subrogated to the rights of the mortgagee, Moses Levi, to
the extent of the one thousand dollars, the purchase money
mentioned in the deed from Moses Levi to him, and asks for

a foreclosure in his favor of the mortgage to that amount, with interest. The Circuit Judge decreed, on the authority of *Givins* v. *Carroll,* 40 S. C., 413, 18 S. C., 1030, that the measure of the right of subrogation was not the purchase money paid for the mortgaged land by the plaintiff to Moses Levi, but the bid of Ferdinand Levi of $650 at the auction sale made by Moses Levi, and mentioned as the consideration of the invalid deed which Moses Levi undertook to make to Ferdinand Levi. Subrogation being a pure equity depending on the facts of each case, it is impossible to lay down any rule that will meet the justice of all the varying conditions presented in cases similar to each other. This case differs from *Givins* v. *Carroll* in one important particular. In that case Weathersbee was the mortgagee, Lard was the mortgagor, Birt was the purchaser at the invalid sale made by the mortgagee, and Carroll was the purchaser from the master, under proceedings instituted for the partition of the lands of the estate of Birt. The Court held that as Birt had paid only seven hundred dollars to the mortgagee at the invalid sale, he and those claiming under him alone, could be subrogated to the rights of the mortgagee only to the extent of the seven hundred dollars received by the mortgagee from him. This sum of seven hundred dollars being all that the mortgagee received, that was held to be the extent to which he was required to surrender his mortgage for the benefit of the purchaser. This case would be identical with *Givens* v. *Carroll,* if Ferdinand Levi, who bought the land at the invalid sale, had conveyed to the plaintiff But on the contrary, Moses Levi, the mortgagee himself, conveyed to the plaintiff, and when he made the conveyance he had satisfied any equity that Ferdinand Levi had by taking a deed of the land from him for precisely the same consideration that he had received from Ferdinand Levi. Thus Ferdinand received back any money he may have paid to the mortgagee and could have no equity against him. Moses Levi, after he took the deed from Ferdinand Levi, paying

the same consideration he had received, was a mortgagee holding his original mortgage, owing no equity to anyone, except an equity to the mortgagor that when there should be a valid foreclosure sale, the mortgagor should have credit for at least six hundred and fifty dollars bid at the invalid sale, whether the land should bring that sum or not. The foundation of this equity of the mortgagor is that he was not responsible for the invalidity of the attempted sale under the mortgage; and it would not exist if the mortgagor himself had had the original sale set aside.

The inquiry then, is, what was the equity of the plaintiff who bought and took a deed from a mortgagee in possession under the *bona fide* belief that the mortgagee was the owner and that he was receiving a good title? The answer can not be other than that he is entitled to have from the mortgagee subrogation or an equitable assignment of the mortgage to the amount of the money paid by him and the interest thereon. This was the subrogation asked for by the plaintiff in his complaint. His right to it was settled by the former decree in this language: "It is not necessary to the plaintiff's right of subrogation to allege and prove that either Ferdinand Levi or Moses Levi honestly believed the sale to be valid and the title made under it good, for the deeds being actually ineffectual to convey the title, the mortgage was not discharged by it, and when the plaintiff actually paid his money and took the deed from the mortgagee, not as a speculative volunteer, but in good faith, believing his title to be good, he was entitled to have from the mortgagee the benefit of the mortgage to the extent of the purchase money paid by him. On this point the case of *Sims* v. *Steadman*, 62 S. C., 300, 40 S. E., 677, is conclusive. The correlative equity of the mortgagor and those holding under him is to have credit on the mortgage debt for at least $650, the amount of the original bid, as the proceeds of the sale of the land, even if at the resale now demanded the land should bring less than that sum, for the reason that the mortgagor was in no way

responsible for the failure to pass a good title by the deeds made under the former auction sale."

It is true, in the course of the discussion in *Givins* v. *Carroll*, the Court does say that the price paid at the invalid sale under the mortgage was an extinguishment of so much of the mortgage debt, as was secured by the mortgage. But this proposition was not necessary to the decision of the case; and, after careful consideration, we think it unsound. The sale under the mortgage being invalid and not depriving the mortgagor of the land, it left the lien of the mortgage as to the mortgagor undisturbed. The mortgagor pays nothing and loses nothing. Hence, there is no obstacle which the mortgagor can interpose to a valid foreclosure for the entire mortgage debt.

Under the pleadings and facts of this case, when Moses Levi, who was in fact only a mortgagee and not a holder of any title whatever, undertook, as owner of the land, to convey it to the plaintiff, then the plaintiff was entitled to be subrogated to the rights of Moses Levi as mortgagee to the extent of the purchase money paid by him to Moses Levi.

The next question is, What was the purchase money paid by the plaintiff. The consideration expressed in the deed is one thousand dollars for eight-elevenths of the land. The mortgage from Joseph D. Griffin called for six-elevenths of the land, but it turned out that he owned only five-elevenths. After the execution of the mortgage, Moses Levi acquired by purchase three-elevenths from other persons interested; and his deed to the plaintiff for these three shares was a good conveyance. Therefore, the real sum to be regarded as received by Moses Levi, as the consideration for the attempted conveyance of the mortgaged property, which was five-elevenths of the land, was five-eighths of one thousand dollars. It follows that under his right of subrogation to the rights of Moses Levi, the mortgagee, the plaintiff was entitled to set up the mortgage against the defendant for the

sum of six hundred and twenty-five dollars, the purchase money.

The defendant alleges in his answer, however, that Moses Levi was in possession of the land from 1884 to 1891, and that the plaintiff has been in possession since that time; and that the amount of six hundred and twenty-five dollars, due to the plaintiff under his right of subrogation, must be credited with the rents for the entire period of the possession of Moses Levi and the plaintiff. In the Circuit decree, the plaintiff is charged with the rents received by Moses Levi, but nothing is charged against him for the time that he has himself occupied the land. As we understand, appellants' counsel in their argument do not contend that the plaintiff is chargeable with rents received by Moses Levi, but only with the rents and profits accruing while the plaintiff himself was in possession. The rents collected by Moses Levi were received by him before plaintiff had taken a deed from him, and Moses Levi, and not the plaintiff, was chargeable with these rents as credits on his mortgage. After allowing these credits, there was far more due on the mortgage than the sum of six hundred and twenty-five dollars, the portion of the mortgage to which the plaintiff was entitled by subrogation.

The plaintiff admits that he was in exclusive possession of sixty-four acres of the land from January, 1891, to 4th February, 1907, when the land was divided between himself and the defendant, Joseph D. Griffin. The remainder, one hundred and nineteen acres, had been set off to Emily Griffin as her dower, and was held by her until her death, in 1895. From that time until the partition, this one hundred and nineteen acres was in possession of William H. Griffin, R. M. Griffin and Lawrence Griffin, none of whom had any interest in the land. It seems clear, therefore, that the plaintiff, Samuel W. Griffin, must account for defendant, Joseph D. Griffin's, share of the rents and

profits of this sixty-four acres from the date of his possession in 1891, till the death of Emily Griffin in 1895. That is the limit of his accountability, because, after that date, the sixty-four acres was less than his share of the land, and it was not chargeable to him that the defendant, Joseph D. Griffin, did not take possession of the remaining one hundred and nineteen acres, or his full share thereof. Samuel W. Griffin, being a tenant in common, is not liable for rental value, but only for the profits made or rents actually received. But in the absence of better evidence of actual profits or rents received, the rental value will be received as such evidence. The plaintiff testified the rental value was not over $100, while the defendant testified it was $250. Up to the time the plaintiff went into possession, Moses Levi had been receiving $68 rent for eight-elevenths of the property, which would be at the rate of $93.50 for the whole. Allowing for some increase in the value of the usufruct after the year 1891, it seems fair to take the average of these three figures, which would be $147.83, as the rental value of the whole land, or $67.20 for five-elevenths. The record does not disclose any fairer method of arriving at the accountability of the plaintiff for the use of the defendant's portion of the land. There is no exception to the allowance of taxes paid by the plaintiff as an offset to the charges for the use of the land.

Under the principles and the conclusions announced, the account will stand thus:

Due by subrogation to the plaintiff, 17th January, 1891:

5-8 of $1,000 .............................$625 00

Interest to 1st January, 1892, at 7 per cent........ 41 80

_____

$666 80

Less 5-11 of rents for that year.................. 67 20

_____

$599 60

Interest to 1st January, 1893................... 41 97

                                                $641 57
Less 5-11 rents for that year.................... 67 20

                                                · $574 37
Interest to 1st January, 1894................... 40 20

                                                $614 57
Less 5-11 rents for that year.................... 67 20

                                                $547 37
Interest to 1st January, 1895................... 38 31

                                                $585 68
Less 5-11 rents for that year.................... 67 20

    Balance due, 1st January, 1895............$518 48
Interest at 7 per cent. to 1st October, 1907...... 462 69

    Total .. ..............................$981 17
Taxes and interest thereon as stated in Circuit decree 132 82

    Amount due .........................$1,113 99

The amount due, therefore, on 1st October, 1907, is $1,113.99 instead of $2,028.15, and the judgment of this Court is, that the judgment of the Circuit Court be modified accordingly.

MR. JUSTICE GARY *concurs in the result.*