# 10516

## COX v. ENTERPRISE BANK *ET AL.*

### (104 S. E. 693.)

1. Mortgages—Decree Based on Master's Report Held Specific.— Where the lower Court, dealing with the master's report, rendered in a suit to declare a conveyance absolute on its face a mortgage, adjudged that the deed was intended to secure the present debt and future debts which were found in the master's report, the decree will be deemed specific as to the amount of such debts; it referring to the report.

2. Mortgages—Mortgagee in Possession Entitled to Hold Property for Subsequent Debts.—Where a deed absolute on its face was intended to secure subsequent indebtedness and the mortgagee was in possession, *held*, in a suit to have the deed declared a mortgage, that notwithstanding act February 19, 1791 (5 St. at Large, p. 170), sec. 2, and act December 18, 1879 (17 St. at Large, p. 19), the agreement

---

Note.—On the question of American statutes with regard to the registration of deeds of real property, see subdivision XXXIV, page 600, of comprehensive note in L. R. A. 1916b, 18, on deed as mortgage.

that the property should be security for subsequent debts was enforceable; the acts merely denying the mortgagee in possession a possessory action.

3. MORTGAGES—NO INQUIRY AS TO PURCHASERS FROM MORTGAGEE, WHERE PURCHASERS WERE NOT PARTIES.—In a suit to have a deed absolute on its face declared a mortgage, where purchasers from the mortgagor were not made parties, no inquiry as to his sale would be made.

4. MORTGAGES—RENTS FROM MORTGAGED PROPERTY SUBJECT TO DEBT.— Where the government was in possession of property subject to a mortgage, the conveyance, though absolute on its face, being security for a debt, rentals due from the government are subject to the mortgagor's indebtedness.

5. MORTGAGES—DEED IN FACT MORTGAGE, WHICH WAS RECORDED IN DEED BOOK, IS NOTICE.—Under Civ. Code 1912, secs. 1355, 3542, declaring that instruments shall be recorded in a well-bound book, and specifying what instruments shall be recorded, the record of a deed absolute on its face, but in fact a mortgage, which was recorded in the deed book, the recording officers according to usual practice keeping two books, one for deeds and one for mortgages, is notice to the creditors of the mortgagor, the statute not specifying that conveyances of real estate shall be recorded in one book and mortgages in another, and the recording officers being entitled to act on the appearance of the instrument.

Before Moore, J., Richland, November, 1919. Affirmed.

Action by D. Sam Cox against Enterprise Bank *et al.* From judgment in favor of the defendant, bank, the plaintiff and other defendants appeal.

*Messrs. Lyles & Lyles* and *Alfred Wallace, Jr.,* for D. Sam Cox, cite: *Paper as security for a debt is a mortgage even though in form a deed:* 1 Jones Mort. (3d Ed.), sec. 244; McMull. Eq. 1. *Cox was a mortgagor and as such deemed the owner of the land:* Sec. 3460, 1 Civ. Code 1912. *In both 17 S. C. 329, and 33 S. C. 511, the grantor was out of possession. Use of deed form did not change relation of parties:* Case Temp. Talbot 61; 27 Cyc. 1029; 52 N. Y. 251. *Deed in effect a mortgage should be recorded in mortgage books, failing which it would class as an unrecorded paper:* 143 Mich. 402; 107 N. W. 76; 114 Am. St. Rep.

668.  *Rents belong to mortgagor:* 15 S. C. 175; 67 S. C. 251; 45 S. E. 167.  *And if collected by mortgagee must be applied to mortgage debt:* 104 S. C. 508; 89 S. E. 500.

And for defendants-appellants cite: *Record in improper book is not a record:* 39 S. C. 77; 17 S. E. 640; 22 S. C. 332; 1 Jones Morts., sec. 457; 2 Pom. Eq. Jur. (4th Ed.), sec. 653.  *Mortgages must be recorded in separate book:* 1 Civ. Code 1912, sec. 1355; 1 Jones Morts., sec. 511; 107 N. W. 76; 114 Am. St. Rep. 668.  *"Once a mortgage always a mortgage:"* 1 Jones Morts., sec. 263.  *Actual notice of instrument necessary to take place of recording:* 1 Civ. Code 1912, sec. 3542.  *Record of deed without record of defeasance is no notice:* 1 John Chan. (N. Y.) 181; 3 Wend. 208; 78 S. C. 178; 58 S. E. 804; 4 Conn. 158; 51 Conn. 446; 94 Atl. 969; 1 Ired. Law 340; 17 S. & R. (Pa.) 69; 17 Am. Dec. 638.  *Fact that defeasance was verbal makes lender lend at his peril:* 42 Am. Dec. 240 (Pa.).  *Bank should have priority over other creditors only to extent of amount originally secured:* 17 S. C. 329.

*Messrs. Barron, McKay, Frierson & McCants,* for the Enterprise Bank, respondent, cite: *Cases relied on by appellants are governed by recording laws of those particular States*: 114 Am. St. Rep. 668 (Mich.); 3 Wend. 308; 2 Johns. Chan. 182 (reversed 8 Am. Dec. 282); 17 Am. Dec. 538; 1 Ired. Law 340.  *In other States record of deed without defeasance is sufficient*: 9 Iowa 272; 4 Nev. 526; 2 Kan. 83; 21 Minn. 449; 24 Minn. 221; 10 Pac. Rep. 423 (Ore.); 14 S. W. 272 (Tex.); 62 Ga. 623; 42 S. E. 53 (Ga.); 99 S. E. 541 (Ga.); 22 Am. St. Rep. 722 (Minn.); 1 Head 141 (Tenn.); 52 N. W. 838 (Neb.); 62 Pac. 647 (Ore.); 24 N. J. Eq. 411; 62 Miss. 250; 6 N. E. 566 (Ohio); 116 Am. St. Rep. 682 (N. D.).  *Purpose of recording acts*: 53 S. C. 624; 45 S. C. 69.  *Amounts due were advanced before rights of subsequent creditors attached*: 116 Am. St. Rep. 682; 17 S. C. 329; 33 S. C. 243; 35 S. C. 511.  *Findings*

13—S. C. 115.

*in equity ·case will not be disturbed unless clear error is shown:* 17 S. C. 495. *When legal title is in mortgagee, mortgagor must pay, not only mortgage debt, but every unsecured. claim between them, in order to redeem:* McMull. Eq. 1; 20 S. C. 21; 53 S. C. 19; 35 S. C. 511. *Rents should be applied to debt:* 35 S. C. 516; 20 S. C. 23; 1 Pom. Eq. Jur. (3d Ed.), secs. 181, 231, *et seq.*

October 12, 1920.·

The opinion of the Court was delivered by Mr. Justice Gage. ·

The cause is in equity.    It is an action by Cox, the maker, against the Enterprise Bank, the grantee of a deed to 969 acres of land in the suburbs of Columbia, and to have that transaction declared to be a mortgage.    Sundry judgment creditors of Cox are parties.

The Circuit Court held: (1) That the true nature of the transaction betwixt Cox and the bank was that a debtor and creditor, and that the deed was in fact a mortgage; and (2) that the deed was made to secure a then present debt of some $3,000, and such other debts as Cox might thereafter come to owe the bank; and that the record of the deed was effective to give notice to the creditors of Cox, though record of it was made on the "deed book," and not on the "mortgage book," of the register's office; and (3) the sale of certain parts of the land by Cox to purchasers and the rights arising thereout could not be finally determined in this action, because such purchasers were not parties; and (4) that certain rents for parts of the land to be paid by the United States government were not due to be paid directly to Cox, but to the bank.

The exceptions, in one form or another, challenge all the conclusions of the Circuit Court, so that we shall consider in order the aforementioned four postulates, but following

up the appellant's printed argument, and taking up now the first exception.

The answer of the bank admitted that the deed "was intended to be and should have the effect of a mortgage," and that Cox "remained in possession of the lands." So there was never an issue about these two circumstances; the Court was bound to so find the facts.

The appellant has consolidated exceptions 2, 3, 4 and 6; and he says:

"The substance of them is that this mortgage only secured the sum of $3,000 and that, upon the payment of that sum, less installments paid, plus interest, Cox was entitled to have a reconveyance, or the deed canceled upon the record."

It is suggested in the brief that, while the Court found as matter of law that the deed was intended to secure the then present debt of Cox to the bank, and such other debt as Cox might contract, yet the Court did not find the amount of that other debt. But the Court was dealing wth a master's report, and we assume that when the Court wrote, "All sums advanced by the bank as set forth and contended for in the proceedings before the master," the Court meant to adopt the report, and that it was specific about Cox's entire debt.

The testimony tends to show that the agreement between Cox and the bank included the then debt of $3,000, and such other debt as Cox might contract; and the conclusion of the Circuit Court thereabout will not be disturbed. If so much be true, the appellant seems to concede that ordinarily such an agreement as the future debts will be enforced. *Walker v. Walker,* 17 S. C. 333; *Levi v. Blackwell,* 35 S. C. 510, 15 S. E. 243. But so much is denied in a case where the mortgagee happens to be in possession, and the appellant cites Act 1791, 5 Stats., par. 2, p. 170; Act 1879, 17 Stats., p. 19; *Sims v. Steadman,* 62 S. C. 300, 40 S. E. 677.

It is said by the appellant that the result of the statutes cited above is that "a mortgagee in possession is deemed owner of the land." But that is a misconception of the statute of 1791, with the proviso stricken out. As was stated in *Sims v. Steadman,* the act of 1791 was directed only to remedies, as that word is technically distinguished from rights. The act of 1791 denied to a mortgagee (out of possession by implication) a possessory action; and the proviso only declared, among other things, that so much was not applicable to a case when the mortgagee by implication might be in possession. Of course not, for in such a case there was no need of a possessory action. More than this, the act of 1791 had express reference to law actions, and not to causes in equity like the present. In a Court of equity before the act of 1791 and since, too, the mortgagor was and is considered the owner, and the mortgagee was and is regarded only as but a lien creditor. See *Durand v. Isaacks,* 4 McCord, 55; *Stoney v. Schultz,* 1 Hill Eq. 465. Besides this, the appellant contends in another branch of the argument, and for other purposes, "that Cox was in possession."

There is no merit in the fifth exception; the Court was not bound to have inquiry made about who had purchased parcels from Cox; the purchasers were not parties, and any inquiry or decree thereabout would have been futile. If the plaintiff is interested in that issue, as he says he is, his remedy is plain.

The seventh exception makes issue about the disposal of certain rent money due by the Federal government for the occupancy of the land; Cox claims to have it in preference to his creditors. The appellant relies for authority on *Reeder v. Dargan,* 15 S. C. 175. The facts differentiate that case from this. Here the government was in possession of the land, and is due to pay the rent to somebody. Certainly the debtor is not entitled to have it

if so much is required to meet the obligations due by him. See *McSween v. Windham,* 104 S. C. 518, 89 S. E. 500.

We come now to consider the one exception argued by the judgment creditors. That exception is that the deed in issue was not notice to the other and now judgment creditors of Cox, because it was not properly recorded, which means that it was not in law recorded at all.

The exact contention is that the instrument was not spread upon what the appellant styles the "mortgage book," but was, on the contrary, spread upon what the appellant calls the "deed book." The issue to me decided is one of statutory construction. There are two portions of the statute relevant to the issue, sections 1355 and 3542, Code of Laws. The latter section prescribes what instruments shall be recorded, the former section prescribes how the record shall be effected, and it is, therefore, the dominant statute, for the instrument in issue is confessedly in form a conveyance, and as such it was properly recorded in the book which counsel styles "deed book." But the statute does not direct that conveyances of real estate shall be recorded in one book, and that mortgages shall be recorded in a separate book; and we need not go further than the statute. All it requires is the conveyances, mortgages, etc., shall be recorded in "well-bound books," etc.

It is true that the general, if not the universal, practice of the recording officers has been and is to supply two "well-bound books," and to mark one of these "deeds" and to mark the other of these "mortgages," and to make record of instruments in one or the other of these books according to the judgment and practice of the officer; and that practice would doubtless be sustained in cases which might involve its correctness. The instant is not such a case.

Here the officer was confessedly right to put in the "deed book" an instrument which in every feature was a deed; he would have had no warrant to put it elsewhere with the

lights he had before him; and he was bound to look at the instrument for enlightenment. Being recorded as it was recorded, the deed carried to the crediting public a more serious notice than a mortgage would have carried; it advertised the fact that Cox had not even an equity in the land. What other notice did creditors desire to have? The public is charged with knowledge of the fact that many instruments in form a deed are in fact only mortgages.

The cases cited by the appellant are from other jurisdictions. In some instances they arose under statutes which require separate books for the recordation of conveyances and mortgages, and in most instances they involve facts unlike the fact of the case before us. See 23 R. C. L., p. 187. So far as we have investigated, the issue is novel in our own Courts.

The decree is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. JUSTICE WATTS, disqualified.